*R. W. Grow* and *J. R. Pottle,* contra.

---

### PEOPLES NATIONAL BANK *v.* DOSTER *et al.*

ATKINSON, J.   1. Under the ruling announced in the case of *Oliver v. James,* 131 *Ga.* 182 (62 S. E. 73), the judgment on which the execution was based was dormant, and there was no error in refusing to sustain a motion to reinstate the case on the ground that the former ruling of the court holding the judgment to be dormant was improvidently made.

2. The ruling above announced would not be affected even if it were held that the time during which the enforcement of the execution was suspended by the interposition of a claim by one of the present claimants, when it was sought to sell the same property under an antecedent levy, should not be counted against the judgment, it appearing that if the time while such interruption lasted should be deducted from the period intervening between the date of the execution and the date of the levy to which the present claim was interposed, there would still be sufficient time to bring about the dormancy of the judgment.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*

MARCH 19, 1910.

Motion to reinstate.    Before Judge Littlejohn.    Sumter superior court.    January 7, 1909.

On the trial of a claim case the plaintiff tendered in evidence the execution with certain entries thereon.    Objection was interposed on the ground that the judgment on which the execution was based was dormant.    The objection was sustained, and the judge, on motion of counsel for the plaintiff, dismissed the levy.    Afterwards, during the same term, the plaintiff moved the court to revoke the order of dismissal and to reinstate the case, and that it might stand for trial at the next term of the court.    The ground upon which the motion to reinstate was based was that the ruling excluding the execution and entries thereon from evidence on the ground that the judgment was dormant was improvidently made, and that the levy was dismissed on account of the improvident ruling of the court just mentioned.    The reason set up as showing that the ruling was improvident was that the execution was not dormant, because, before the expiration of seven years from the date of the execution, the plaintiff had made public and notorious efforts to

enforce the collection of the execution by levy and sale of the property involved in the claim case, which efforts were stopped and resisted by the filing of a claim by Mrs. G. W. Doster, which claim was for several years pending in the court; that the notorious and public efforts on the part of the plaintiff to enforce the collection of the execution prevented it from becoming dormant, and that the entry of such proceedings on the execution docket of the court from which the execution issued was not necessary to prevent the execution from becoming dormant. When the motion to reinstate was presented to the judge, a rule nisi was issued, calling upon claimants to show cause why the motion should not be granted and the case reinstated. This rule was issued on the 18th of December, 1907. Service was acknowledged December 21st, 1907, but no answer was ever filed. There was evidence to the effect that Mrs. G. W. Doster resisted the levy of September 26th, 1902, by filing a claim, and that this levy was dismissed by the plaintiff in 1903. The other evidence tending to show an effort to enforce the collection of the execution consisted only of the several entries contained on the execution. They were as follows: (*a*) an entry of levy on 243 acres of land, more or less, dated September 27th, 1895, signed, "L. B. Forrest, Sheriff." (*b*) an entry of levy on two mules, dated September 28th, 1895, signed "W. S. Roach, Dept." (As to this entry there was a penciled memorandum by L. B. Forrest, "Don't advertise this levy.") (*c*) an entry of levy on the land in dispute, dated September 26th, 1902, signed, "E. L. Bell, Sheriff." (This entry is marked dismissed by plaintiff's attorneys.) (*d*) an entry reciting the payment of costs, dated March 8th, 1905, signed, "E. L. Bell;" also an entry of receipt for $6.10 costs to November 7th, 1906, signed "W. P. Callaway, Deputy Clerk, C. C." (*e*) an entry of levy as follows: "Georgia, Sumter County. I have this day levied the within fi. fa. on 39 acres of land, more or less, off of lot of land No. 288 in the southeast corner thereof; also all of lot of land No. 241 in the 28th district, containing 241 acres, more or less. Levied on as the property of G. W. Doster to satisfy the within fi. fa. Property pointed out by plaintiff's attorney. 4/4/06. (Signed) "E. L. Bell, Sheriff." None of the entries was ever entered on the execution docket. After the entry last above recited was made, and while it was proceeding, a claim was filed by C. E. Doster et al., and it was during the trial of that claim when the

court made the ruling which the plaintiff claims rendered it necessary for him to dismiss his levy. The execution was dated September 26th, 1894, based on a judgment rendered in the county court on the 21st day of August, 1894. The record does not contain the order of the judge overruling the motion to reinstate, but the bill of exceptions recites that the "court on January 7th, 1909, passed an order denying and refusing said motion to reinstate said levy, holding said judgment was dormant, to which judgment of the court the plaintiff then and there excepted and now excepts and assigns said ruling and judgment as error; said ruling and judgment is error because said judgment was not dormant, but was kept alive by the bona fide public efforts of the plaintiff to enforce the collection of said execution." The foregoing excerpt from the bill of exceptions contains the only assignment of error.

W. T. Lane and Maynard & Hooper, for plaintiff.

Blalock & Cobb, contra.